USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 4/19/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEITH FAIR,

                Petitioner,

– against –

WARDEN EDMUND DUFFY,

                Respondent.

**OPINION AND ORDER**
14 Civ. 4836 (ER)

Ramos, D.J.:

*Pro se* Petitioner Keith Fair ("Fair" or "Petitioner") filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 ("Petition") on June 13, 2014. Doc. 1. The case was reassigned to the undersigned on June 23, 2015, who referred the Petition to Magistrate Judge Ronald L. Ellis on June 24, 2015. Doc. 8.

On July 27, 2015, Judge Ellis issued a Report and Recommendation ("Report" or "R&R"), recommending that the Petition be denied in full without prejudice. Doc. 11. Petitioner filed written objections to the Report on August 8, 2015 ("Objections").[1] Doc. 12. For the reasons stated herein, the Court adopts the R&R in its entirety, and the Petition is DENIED.

**I. BACKGROUND**

The factual background and procedural history relevant to the Petition are set forth in the R&R, familiarity with which is assumed. *See* Report at 1–2.

---

[1] Although the Court did not receive the Objections until August 12, 2015, they were dated August 8, 2015, and were thus timely filed. *See Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993) (finding that a *pro se* prisoner's complaint is deemed filed on the date the prisoner turns his complaint over to prison officials).

Upon Fair's plea of guilty, he was convicted on July 30, 2013 in the Supreme Court of the State of New York, Bronx County of one count of a criminal sexual act in the third degree. *People v. Fair*, 129 A.D.3d 617, 617 (1st Dep't. 2015). As a second violent felony offender, Fair was sentenced to a term of four years. Fair waived his appellate rights orally during his plea allocution and in writing. *Id.* Petitioner also asserts that an order for civil commitment was entered against him in October 2013 under Article 10 of the New York Mental Hygiene Law, which is a civil measure designed for the treatment and protection of recidivistic sex offenders. *See* N.Y. Mental Hyg. Law § 10.01; Report at 2; Petition at 15. The First Department of the New York State Appellate Division affirmed Fair's conviction and sentence on June 25, 2015. *Fair*, 129 A.D.3d at 617. The conviction became final on October 27, 2015, after the New York Court of Appeals denied Petitioner's request for leave to appeal. *People v. Fair*, 8 N.Y.3d 945 (2015).

Fair filed his original *habeas* petition on June 13, 2014. He then filed an amended *habeas* Petition ("Amended Petition") on December 2, 2014, per court order dated October 7, 2014 that directed him to: (1) allege how Petitioner's custody violates federal law and the facts supporting each ground; and (2) state whether he had exhausted state remedies. *See* Report at 2; Order to Amend Doc. 6.; Amended Petition Doc. 7.

On July 27, 2015, Judge Ellis issued the Report, which liberally construed the Amended Petition to have alleged that: "(1) his waiver of grand jury indictment and guilty plea to a superior court information was improper; (2) the institution of civil commitment proceedings against him violates the principle of double jeopardy; and (3) his due process rights were violated during the course of his civil commitment proceeding." Report at 3. Judge Ellis held that the Amended Petition's lack of legal theory and supporting facts prevented the Court from

adjudicating the case and assessing relief. *Id.* at 4. He, thus, recommended that this Court dismiss the Amended Petition.

## II. STANDARD OF REVIEW

### A. AEDPA Review of the State Court Proceedings

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214, *habeas* petitions under 28 U.S.C. § 2254 may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). This deference is required under the AEDPA if, as here, the petitioner's claim "was adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d); *see Bell v. Miller*, 500 F.3d 149, 154–55 (2d Cir. 2007).

"Th[e] statutory phrase ['clearly established Federal law as established by the Supreme Court of the United States,'] refers to the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). In order for a federal court to find that the state court's application of Supreme Court precedent was unreasonable, the decision must be objectively unreasonable rather than simply incorrect or erroneous. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The factual findings made by state courts are presumed to be correct under the second prong of the AEDPA, and petitioner has the burden to rebut this presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see Nelson v. Walker*, 121 F.3d 828, 833 (2d Cir. 1997).

### B. Review of the Magistrate Judge's Report

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). The district court will also review the report and recommendation for clear error where a party's objections are "merely perfunctory responses" argued in an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted); *see also Genao v. United States*, No. 08 Civ. 9313 (RO), 2011 WL 924202, at *1 (S.D.N.Y. Mar. 16, 2011) ("In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the [R&R] for clear error.").

### III. PETITIONER'S OBJECTIONS

As an initial matter, Petitioner makes a general objection to the Report and to the dismissal of his Amended Petition. *See* Objections at 1 ¶ 1 ("I sincerely object to my petition being dismiss[ed] or recommended for di[s]missal."). However, "[a]n objection to a report and recommendation in its entirety does not constitute a specific written objection within the meaning of Rule 72(b)." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009).

4

Additionally, many of Petitioner's objections are incomprehensible. As the basis for his objections, Fair cites a number of statutes that are completely inapplicable to his claims. *See, e.g.,* Objections at 3 ¶ 5 (Petitioner demands to be released pursuant to "Public Law 73.10, The Bankruptcy Act, [and] Agricultural Reorganization Act".). Thus, the Court will not address these improper objections to the R&R per 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2). *See Nyenekor v. New York*, No. 09 Civ. 8719 (DAB), 2013 U.S. Dist. LEXIS 185541 (S.D.N.Y. Oct. 29, 2013) (finding that "nonsensical and conclusory allegations" do not fairly present the factual and the legal premises for a court to assess a *habeas* petitioner's claim) (discussing *Jones v. Vacco*, 126 F.3d 408, 413 (2d Cir. 1997) and *Daye v. Attorney Gen. of New York*, 696 F.2d 186, 191 (2d Cir. 1982)).

Reading the Amended Petition as liberally as possible, Petitioner seems to specifically object to Judge Ellis's finding that Fair has not exhausted all administrative remedies. *See* Report at 4 ("While the Court would ordinarily grant Petitioner a second opportunity to amend his Petition to clearly state his grounds for relief and the facts supporting these grounds, this Amended Petition must be dismissed because it is clear that Petitioner has not exhausted his state remedies with respect to any *habeas* grounds that he may intend to present."). Fair asserts that he has exhausted all remedies available to him through the state of New York. *See* Objections at 1–2 ¶ 2 ("The undersigned has exhausted all Administrative Remedies Procedures [sic] in the New York State Court, Bronx County."). In order to exhaust all available state remedies for purposes of adjudicating a *habeas* petition, "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Richardson v. Superintendent of*

5

*Mid-Orange Corr. Facility*, 621 F.3d 196, 201 (2d Cir. 2010) (quoting *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)).

Here, neither the Amended Petition nor the Objections present any evidence that Fair used available state procedures to address potential claims connected with either his criminal conviction or his Article 10 civil commitment proceeding. Fair simply reiterates that he has "fully and completely exhausted [his] state remedies" because he has filed this petition for a writ of *habeas corpus*. Objections at 2 ¶¶ 2–3; *see also id.* at ¶ 3 ("[T]he last state habeas corpus was file[d] by attorney/agent Jessica Botticelli; [I] fully and completely exhausted my state remedies. The United State[s] Dist[r]ict Court/ Southern District Chief Magistrate Judge L. Preska has received copies of the petitions that w[ere] filed."). However, it is well-settled that filing a *habeas* petition, in itself, is insufficient to satisfy Petitioner's exhaustion requirement. *See* 42 U.S.C. § 2254(b) (obligating an applicant for a writ of *habeas* to exhaust the remedies available in the courts of the State); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); *see also Quinones v. Ercole*, 310 Fed App'x. 434, 435–36 (2d Cir. 2009) (citing *O'Sullivan*, 526 U.S. at 844). Thus, Petitioner has not demonstrated exhaustion of any claim that he seeks to assert in his Amended Petition.

Accordingly, Fair's exhaustion objection does not warrant *de novo* review. 28 U.S.C. § 636(b)(1)(C); *see also Genao v. United States*, No. 08 Civ. 9313 (RO), 2011 WL 924202, at *1 (S.D.N.Y. Mar. 16, 2011) ("In the event a party's objections are conclusory or general, or simply

reiterate original arguments, the district court reviews the [R&R] for clear error."). Having carefully reviewed Judge Ellis's Report relating to Petitioner's exhaustion claim, the Court finds no error, clear or otherwise. The Court adopts Judge Ellis's recommendation that Petitioner's exhaustion claim be dismissed for the reasons stated in the Report. *See* Report at 4–5.

## IV. CONCLUSION

For the reasons set forth above, the Court adopts Judge Ellis's R&R in its entirety and Fair's petition for a writ of *habeas* corpus is DENIED. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *see also, e.g., Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). The Clerk of Court is respectfully directed to close this case.

It is SO ORDERED.

Dated: April 18, 2017
New York, New York

_____
Edgardo Ramos, U.S.D.J.